UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHIRLEY NWACHUKWU, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:13-CV-1539 (JCH) |
| | : | |
| v. | : | |
| | : | |
| CONNECTICUT DEPARTMENT OF | : | |
| LABOR et al., | : | |
| Defendants. | : | NOVEMBER 19, 2014 |
| | : | |

**RULING RE: MOTION TO DISMISS COUNT THREE (Doc. No. 21)**

Plaintiff Shirley Nwachukwu sues defendants Connecticut Department of Labor ("DOL") and Sharon Palmer, Commissioner of the Connecticut Department of Labor, for violations of Title VII and section 1981 of title 42 of the United States Code. See Complaint ("Compl.") (Doc. No. 1). In Count III, Nwachukwu alleges that the DOL and Sharon Palmer violated her rights under section 1981, as enforceable through a cause of action arising under section 1983 of title 42 of the United States Code. See Compl. at 5.[1] The defendants move to dismiss Count III on several grounds. See Motion to Dismiss Count Three (Doc. No. 21).

The court dismisses Count III against the DOL because the DOL, as an "arm of the state," is immune from suit under the Eleventh Amendment of the United States Constitution. It also dismisses Count III against Palmer because Nwachukwu has not actually alleged that Palmer bore responsibility for any cognizable legal harm that

---

[1] Nwachukwu states in the conclusion of the Complaint that she seeks, "Such further and equitable relief as the Court may deem appropriate." Compl. at 6. It appears to the court—as the defendants' unopposed arguments contend, see Memorandum at 11—that Nwachukwu does not actually seek equitable relief with this claim, so the court treats it as seeking only damages.

1

Nwachukwu alleges that she suffered.

**I.      DISCUSSION**

     A.      <u>As to the Connecticut Department of Labor</u>

The DOL argues that it is immune from suit under the Eleventh Amendment to the U.S. Constitution because it is an "arm of the state" and thus, like the state itself, is immune from suits for damages.  <u>See</u> Memorandum in Support of Motion to Dismiss Count Three ("Memorandum") (Doc. No. 21-1) at 5–7.  The court agrees.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity." <u>Woods v. Rondout Valley Central Sch. Dist. Bd. Of Educ.</u>, 466 F.3d 232, 236 (2d Cir. 2006).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." <u>Id.</u> (internal quotation marks omitted).  "[T]he governmental entity invoking the Eleventh Amendment bears the burden of demonstrating that it qualifies as an arm of the state entitled to share in its immunity." <u>Id.</u> at 237.  Section 1983 does not abrogate a state's Eleventh Amendment immunity.  <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979).

Dismissal of this claim as barred by the Eleventh Amendment is appropriate for two independent classes of reasons.  First, it is appropriate on the merits for the reasons that this same court stated in <u>Patterson v. Connecticut Dept. of Labor Administrator</u>.  In light of the statutory structure and functioning of the DOL, it appears to be nothing more than an arm of the state.  No. 11-cv-1237-JCH, 2012 WL 4484913, *3–4 (D. Conn. Sept. 27, 2012).

Second, Nwachukwu entirely failed to respond to the defendants' contention that the Eleventh Amendment bars this claim. See generally Plaintiff's Opposition to Motion to Dismiss ("Opposition") (Doc. No. 25); Jackson v. Fed. Express, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."); Coger v. Connecticut, 309 F. Supp. 2d 274, 280–81 (D. Conn. 2004) (finding abandonment in specific context of an Eleventh Amendment immunity argument). The court finds that Nwachukwu has abandoned this argument.

  B. As to Sharon Palmer in her individual capacity

Palmer argues that she cannot be liable for violation of section 1981 on the facts alleged because she only became Commissioner of the DOL on October 5, 2012, and had never previously worked at the DOL. See Memorandum at 13–14; Affidavit of Sharon Palmer (Doc. No. 21-2) ¶¶ 2–4. That date is after the conclusion of all of the relevant factual allegations on which Nwachukwu bases the Complaint. See Complaint at 1–5.

To make out a prima facie case for violation of section 1981, a plaintiff "must demonstrate that: (1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she suffered an adverse employment action; and (4) the circumstances surrounding that action permit an inference of discrimination." Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 126 (2d Cir. 2004) (Title VII context); see also Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 69 (2d Cir. 2000) (same standard applies in Title VII and section 1981 contexts). "It should be noted that a pattern or practice case is not a separate and free-

standing cause of action, but is really merely another method by which disparate treatment can be shown." U.S. v. City of N.Y., 717 F.3d 72, 83 (2d Cir. 2013) (internal quotation marks and alterations omitted).

Nwachukwu's only response to Palmer's argument is that her allegations extend to Palmer's time as Commissioner because they include a "pattern, policy and practice of discriminatory refusal to promote African American employees to supervisory positions" that "continu[es] even to the time of the filing of this action (i.e., during the tenure of Palmer).  Thus, the policy and practice has been ratified, condoned and continued during the tenure of Defendant Palmer."  Opposition at 2–3; see Compl. at 6.

Nwachukwu's argument misses the mark.  The most recent adverse employment action that Nwachukwu alleges was related to an interview "on November 19, 2009" (she gives no other dates related to the incident), see Compl. at 2, well before Palmer arrived on the scene at the DOL.   Nowhere does Nwachukwu allege that she has suffered a legally cognizable harm—an adverse employment action—because of Palmer.

Moreover, perhaps because it is, to say the least, a difficult challenge to draw a causal nexus between bad acts in 2009 and an actor who only appeared in 2012, the only allegations relating to Palmer are vague at best.  See Compl. at 6 (stating, for example: "Defendant Sharon Palmer, in her capacity as the Commissioner of the Department of Labor, is a policy maker for the agency").

Because Nwachukwu fails to allege that Palmer bears any responsibility at all for any adverse employment action that Nwachukwu suffered, this claim against Palmer is dismissed.

## II. CONCLUSION

The Motion is **GRANTED** and the claims in Count Three are thus **DISMISSED**. The plaintiff has leave to replead within 14 days from the issuance of this Ruling, if she has a legal and factual basis to do so in light of this Ruling. If she does so, she is directed to format the document such that no paragraph number appears more than once. Her failure to do so makes it impossible for the court to cite to the document using paragraph numbers.[2]

**SO ORDERED**.

Dated this 19th day of November 2014 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[2] The defendants also argue that Count Three should be dismissed because the limitations period has lapsed. See Memorandum at 7–11. The court finds it unnecessary to reach this issue for purposes of this Ruling. Should the plaintiff replead, the defendant remains free to raise this argument anew. The parties are advised that it appears to the court that, for the reasons cogently stated by Judge Arterton in Norris v. Mero-North Commuter R. Co., 522 F. Supp. 2d 402, 413–15 (D. Conn. 2007), whether the limitations period has run depends on whether the promotion at issue "rises to the level of an opportunity for a new and distinct relation between the employee and the employer." Patterson v. McLean Credit Union, 491 U.S. 164, 185 (1989).